## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wallace Briscoe,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

January 18, 2017

Court of Appeals Case No. 49A02-1605-CR-1186

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No. 49G04-1508-F3-27202

**Bradford, Judge.**

# Case Summary

On the morning of July 30, 2015, intoxicated Appellant-Defendant Wallace Briscoe ran a stop sign and struck and killed Jonathan Harrison, who was riding his motorcycle. The State charged Briscoe with several counts, including Level 4 felony operating a vehicle with a schedule II controlled substance in the blood causing death and with being a habitual offender, and he was ultimately convicted of both.

On the first day of Briscoe's trial, the State sought to introduce a recording of a 911 call made by an eyewitness the day of the fatal accident, but realized after approximately one second that it had mistakenly provided a recording of a 911 call from another case. Although the State withdrew the recording, Briscoe moved for mistrial, which motion the trial court denied. The second day of trial, the State sought to introduce the actual 911 call, along with its computer aided dispatch ("CAD") report. Soon after the CAD report was published to the jury, the trial court noticed that it indicated that Briscoe had a prior conviction for operating a vehicle while intoxicated ("OWI"). Again, Briscoe moved for mistrial, which motion the trial court denied. The trial court recalled copies of the CAD report from the jury, struck it from the record, and admonished the jury not to consider it. During final instructions, the jury was instructed not to consider stricken material. Briscoe contends that the trial court abused its discretion in denying his mistrial motions. Because we disagree, we affirm.

# Facts and Procedural History

[3] After a night of heavy drinking and cocaine use, Briscoe drove to work in Indianapolis on the morning of July 30, 2015. The night before, Briscoe had consumed six to nine beers at a concert, continued drinking until approximately 4:00 a.m., and managed little sleep before leaving for work at approximately 6:30 a.m. Briscoe's blood alcohol concentration was later determined to be 0.19 grams per 100 milliliters of blood.

[4] Briscoe ran a stop sign at 40th Street and Keystone Avenue, causing Harrison to hit his brakes and lay his motorcycle down in an unsuccessful attempt to avoid Briscoe's truck. Harrison was killed instantly by the extensive blunt force injuries he sustained in the crash. Harrison's sternum and all of his ribs were fractured; his lungs, heart, aorta, liver, spleen, left kidney, and pancreas were lacerated; and he had severe bleeding in his neck, chest, abdomen, and pelvic cavity. Joseph Griffin followed as Briscoe fled the scene, called 911, and observed Briscoe run a red light and a stop sign and almost hit a bus and a police car. Briscoe became boxed in by traffic and was soon stopped by police.

[5] On August 3, 2015, the State charged Briscoe with Level 3 felony leaving the scene of an accident causing death, Level 5 felony OWI causing death, and Level 5 felony operating with an alcohol concentration equivalent of 0.08 causing death. The State also alleged that Briscoe was a habitual offender and habitual vehicular substance offender. The State later charged Briscoe with Level 4 felony operating a vehicle with a schedule II controlled substance in the

blood causing death and filed Level 4 felony sentencing enhancements to the two Level 5 felony charges.

[6] Briscoe's jury trial was held on April 11 and 12, 2016. During trial, the State attempted to admit into evidence a 911 call and accompanying CAD sheet through Kimberly Curry, employed by the Marion County Sheriff's audio records department. Curry's voice introduced the content of the 911 call. Approximately one second into publication of the recording, the prosecutor realized that there had been a mistake and that a different 911 call from another, unrelated case had been mixed in. The audio heard by the jury was limited to Curry's identification of the recording's contents. The State moved to strike the 911 call from evidence, and Briscoe moved for mistrial on the basis that a 911 call not related to his case was prejudicial. The trial court denied Briscoe's mistrial motion and allowed the State to strike the call, which it did on the basis that it was the "State's error in admitting State's Exhibit 11. And for that reason, because it is irrelevant to this case, we would move [to] strike." Tr. p. 77.

[7] The second day of trial, the State proceeded to introduce the correct 911 call and CAD report. After the 911 call and CAD report were admitted, but before the 911 call was played for the jury, the State elicited additional testimony about the CAD report. At that point, the trial court called a recess and notified that parties that the fourth page (of six) in the CAD report contained a reference to Briscoe's prior conviction for OWI. After Briscoe's objection and mistrial motion, the trial court granted the State's motion to strike the CAD report and

admonished the jury that "[t]he Court has stricken the CAD from State's 17 from the record. You are instructed to disregard any written information contained therein and you may not discuss or consider it in any way, all right." Tr. p. 163. During final instructions, the trial court instructed the jury that it was not to consider any evidence stricken from the record.

[8] Ultimately, judgment of conviction was entered against Briscoe for Level 4 felony operating a vehicle with a schedule II controlled substance in the blood causing death and he was found to be a habitual offender. The trial court sentenced Briscoe to an aggregate term of sixteen years of incarceration with four suspended to probation.

# Discussion and Decision

[9] Briscoe contends that the trial court abused its discretion in denying his two mistrial motions, which were based on the jury hearing a portion of the mistaken 911 call and the temporary admission of the CAD report before it was stricken.

> We review a trial court's decision to deny a mistrial for abuse of discretion because the trial court is in "the best position to gauge the surrounding circumstances of an event and its impact on the jury." *McManus v. State*, 814 N.E.2d 253, 260 (Ind. 2004). A mistrial is appropriate only when the questioned conduct is "so prejudicial and inflammatory that [the defendant] was placed in a position of grave peril to which he should not have been subjected." *Mickens v. State*, 742 N.E.2d 927, 929 (Ind. 2001) (quoting *Gregory v. State*, 540 N.E.2d 585, 589 (Ind. 1989)). The

> gravity of the peril is measured by the conduct's probable persuasive effect on the jury. *Id*.

*Pittman v. State*, 885 N.E.2d 1246, 1255 (Ind. 2008).

# I.  911 Call

[10]  Briscoe contends that he was prejudiced by the short portion of withdrawn State's Exhibit 11 that was played to the jury, which consisted of approximately one second of identification information.  We fail to see how this could have prejudiced Briscoe, because the jury never heard any of the actual call.  In any event, the exhibit was stricken, it was made clear that the State had mistakenly attempted to introduce the wrong 911 call, and the jury was admonished not to consider evidence that has been stricken.  In such cases, "[w]e presume the jury followed the trial court's admonishment and that the excluded testimony played no part in the jury's deliberation." *Francis v. State*, 758 N.E.2d 528, 532 (Ind. 2001).  Briscoe does not point to any evidence that the jury might have disregarded the trial court's admonition.

# II.  CAD Report

[11]  As for the CAD report listing Briscoe's previous OWI conviction, the record indicates that it was published to the jury before being stricken.  The record indicates, however, that the trial court recalled copies of the CAD report from the jury as soon as it noticed mention of a prior conviction and observed that the jurors appeared to be listening to the 911 recording instead of reviewing the CAD report in any event.  Consequently, any claim that any member of the jury actually reviewed the CAD report, or even had a chance to, is speculation.

Moreover, the trial court struck the CAD report from the record and specifically admonished the jury not to consider it. Even assuming that any member of the jury did read of Briscoe's prior conviction, the evidence against Briscoe was overwhelming. This evidence included Briscoe's stipulations that his BAC was 0.19 and that he had cocaine in his system at the time of the accident and his admissions that he was the driver of the vehicle in question, did not stop at the stop sign, and had caused the accident. In addition, the jury heard testimony from Sarah Ellson and Griffin who witnessed the accident and called 911. This evidence, in addition to the trial court's final instructions, demonstrates that Briscoe suffered no prejudice from the temporary admission of the CAD report and that the trial court did not abuse its discretion in denying Briscoe's mistrial motion.

[12] We affirm the judgment of the trial court.

Vaidik, C.J., and Brown, J., concur.